590 So.2d 806 (1991)
Ada TAPIA
v.
SCHWEGMANN GIANT SUPERMARKETS, INC.
No. 91-C-1786.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 1991.
*807 Thomas G. Buck, Richard S. Vale, Blue, Williams & Buckley, Metairie, for relator.
Anthony L. Marinaro, Frank A. Silvestri, Silvestri & Massicot, New Orleans, for respondent.
BARRY, Judge.
Ada Tapia filed suit based on the intentional tort exception to the Louisiana Workers' Compensation Act against her employer, Schwegmann Giant Supermarkets, Inc., the store's manager, Jane West, and the Assistant Manager, Theresa Doe. Tapia, a cashier, alleged that she injured her back after she lifted 20 or more frozen turkeys from an elderly customer's basket onto the checkout counter. She had requested assistance which was denied by the manager. Tapia also claims that she put the turkeys into the customer's automobile after being denied assistance from the manager and aggravated the back injury. Tapia then asked the manager and assistant manager to be relieved, but continued to work for three to four hours until a substitute cashier was found.
Tapia further alleged:
The acts and/or omissions of Ms. Jane West and Ms. Theresa Doe were at all times pertinent hereto intentional acts which exposed your petitioner to danger when these managers knew the extreme probability that injury and aggravation of injury would occur. The injurious consequences of these managers' acts were substantially certain to follow said acts or omissions. These managers believed and knew that said injuries, consequences and physical results of their actions were certain or substantially certain to follow.
Schwegmann filed a motion for summary judgment which was denied. Tapia filed a second supplemental and amended petition (the first supplemental is not attached to the application) in which she noted Schwegmann's policy that a porter should be requested for large orders. She also alleged that supervisory personnel "specifically knew that a lifting injury could cause a back injury ...," and that the supervisors knew that an employee should be relieved if she reported an injury, and that relief help was available.
Tapia claimed that the manager and assistant manager "desired to bring about the physical result of their acts, or believed that they were substantially certain to follow from their orders, i.e., they intended Ms. Tapia to handle an order which she was unequipped to handle, without assistance or proper instructions, contrary to Schwegmann's policy." She claimed her injuries "followed from defendant's intentional acts, and were certain or substantially certain to follow."
Schwegmann's second motion for summary judgment based on Dycus v. Martin Marietta Corporation, 568 So.2d 592 (La. App. 4th Cir.1990), writ denied 571 So.2d 649 (La.1990),[1] was also denied. Schwegmann now seeks review of that denial.
"Intentional act" in La.R.S. 23:1032B means "intentional tort." Intent means "that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." The exception has been narrowly interpreted pursuant to the legislature's policy decision. Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981). "Substantially certain" can be restated as "virtually sure" or "nearly inevitable." Reagan v. Olinkraft, 408 So.2d 937 (La.App. 2d Cir.1981), writ denied 412 So.2d 1095 (La.1982).
Mere knowledge and appreciation of a risk does not constitute intent. Reckless or wanton conduct by an employer *808 does not constitute intentional wrongdoing. Gross negligence, disregard of safety regulations or the use of safety equipment is not sufficient. Williams v. Gervais F. Favrot Company, Inc., 573 So.2d 533 (La. App. 4th Cir.), writ denied 576 So.2d 49 (La.1991). Nationwide, policy considerations reflect that the employer's conduct must go beyond knowingly permitting a hazardous work condition to exist, ordering an employee to perform an extremely dangerous job, or willfully failing to furnish a safe place to work in order to constitute an intent to injure necessary under the exception. Id. at 540, quoting Larson, 2A Workman's Compensation Law, Section 68.13 (1989).
Schwegmann's first motion for summary judgment focused on the lack of pertinent claims in Tapia's petition and attached an excerpt of Tapia's deposition testimony. In the deposition Tapia (seventeen years old at the time of her injury) tried to explain "facts" to support her claim that the two managers intended to cause her harm. She stated that she had to lift the turkeys, bag them, put them back into the basket, and then lift them into the customer's car trunk. Both managers made her remain at her cash register until a replacement was available due to the pre-Thanksgiving crowd. When asked whether the managers knew that Tapia would be hurt if ordered to lift the turkeys, Tapia answered: "I don't know."
Schwegmann does not dispute Tapia's factual allegations in the petition or deposition. Schwegmann argues that she does not plead a particular intentional tort and summary judgment is appropriate. Tapia responds that her allegations plead an intentional tort.
It is clear that Tapia's claims do not constitute an intentional act. Assuming arguendo that Tapia's supervisors compelled her to lift the turkeys, then assist the customer to her car, and then to stay on duty until a substitute cashier took her place, there is no basis to conclude that Tapia's injury was substantially certain to follow as a result of supervisors decisions.
The writ is granted, the denial of summary judgment is reversed, and summary judgment is granted.
WRIT GRANTED
NOTES
[1] The author disagrees with the language in Dycus, 568 So.2d at 594, which interprets Caudle v. Betts, 512 So.2d 389 (La.1987) to hold that Bazley's "substantially certain" test will be applied only to acts which can be classified as a traditional intentional tortsuch as battery and assault. In the instant case one cannot conclude that Tapia's injury was substantially certain (as interpreted in the jurisprudence) to follow from her supervisors' actions. The intentional act exception should not apply as a matter of law.