PER CURIAM.
The undisputed facts in this tort case show that plaintiffs injury was not intentional, and therefore, plaintiffs exclusive remedy is workers’ compensation under La. R.S. 12:1032. See, Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208, holding that “ ‘[substantially certain to follow1 requires more than a reasonable probability that an injury will occur and ‘certain’ has been defined to mean ‘inevitable’ or ‘incapable of failing.’ ” Jasmin v. HNV Cent. Riverfront Corp., [94-1497 (La.App. 4 Cir.8/30/94), 642 So.2d] supra [311] at 312. “[A]n employer’s mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the ‘substantial certainty requirement.” Armstead v. Schwegmann Giant Super Markets, Inc., 618 So.2d 1140, 1142 (La.App. 4 Cir.1993), unit denied, 629 So.2d 347 (La.1993). “Further, mere knowledge and appreciate of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing.” Id. (Citing Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806, 807-808 (La.App. 4 Cir.1991)). The ruling of the trial court is reversed, defendant’s motion for summary judgment is granted, and plaintiffs petition is dismissed with prejudice at his cost.