936 So.2d 1246 (2006)
Daniel P. SIMONEAUX
v.
EXCEL GROUP, LLC and Bruce Lejeune.
No. 2006-CC-1050.
Supreme Court of Louisiana.
September 1, 2006.
*1247 PER CURIAM.
Plaintiff, Daniel Simoneaux, was employed as an electrician's helper by Excel Group, L.L.C. ("Excel"). Plaintiff was helping other Excel employees install conduit at the Dow plant in Plaquemine, Louisiana. Another Excel employee, Bruce LeJeune, was working alone in the basket of an aerial manlift approximately twenty-five feet off the ground. As plaintiff bent down to retrieve tools for his co-worker, the right front tire of the manlift ran over plaintiff's left foot.
Subsequently, plaintiff filed the instant tort suit against Excel and Mr. LeJeune. He apparently alleged his injury fell within the intentional action exception to the workers' compensation law set forth in La. R.S. 23:1032(B).[1]
Defendants filed a motion for summary judgment. Citing Bazley v. Tortorich, 397 So.2d 475 (La.1981), they argued they did not know that plaintiff's injury was substantially certain to occur. Therefore, they asserted plaintiff's injury was not the result of an intentional act and his sole remedy was workers' compensation.
Plaintiff opposed defendants' motion for summary judgment. In support, he submitted the affidavit of safety expert, Michael Frenzel, who opined that Mr. LeJeune was operating the manlift in an unsafe manner because he was operating it without a spotter and with the boom extended, making it impossible to see where he was going. According to Mr. Frenzel's affidavit, "given the congestion of the area, the noise level in the area, the lack of a spotter for lift operations, the operating of equipment with limited visibility and a lack of rules enforcement, this or a similar accident was substantially certain to happen."
The district court denied defendants' motion for summary judgment. Defendants applied for supervisory review of this ruling. A five-judge panel of the court of appeal denied the writ, with two judges dissenting. This application followed.
In Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208, this court discussed the intentional act *1248 exception to the workers' compensation law. We stated:
Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation.
* * *
"`Substantially certain to follow' requires more than a reasonable probability that an injury will occur and `certain' has been defined to mean `inevitable' or `incapable of failing.'" Jasmin v. HNV Cent. Riverfront Corp., supra [642 So.2d 311] at 312 [(La.App. 4 Cir.1994)]. "[A]n employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the `substantial certainty' requirement." Armstead v. Schwegmann Giant Super Markets, Inc., 618 So.2d 1140, 1142 (La.App. 4 Cir.1993), writ denied, 629 So.2d 347 (La.1993). "Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing." Id. (citing Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806, 807-808 (La.App. 4 Cir. 1991).)
Applying these precepts to the instant case, we cannot say plaintiff's injuries were the result of an intentional act by defendants. Even accepting plaintiff's allegations that defendants knew the worksite was congested, noisy and that manlift policies were not enforced, the fact remains that plaintiff's injuries were not an inevitable consequence of these actions. Defendants' actions may have been negligent or even grossly negligent, but they were not intentional.
Accordingly, the writ is granted. The ruling of the trial court is reversed, defendants' motion for summary judgment is granted, and plaintiff's petition is dismissed with prejudice at his cost.
NOTES
[1] La. R.S. 23:1032(B) provides:

B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.