PER CURIAM.
 
 *
 

 [ Kelvin Batiste was hired by Bayou Steel Corporation (“Bayou Steel”) in 1981,
 
 *168
 
 and assumed the position of First Helper in 1987. In this position, one of his primary responsibilities was installing new electrodes on the electrode arms of the No. 1 Furnace, a task he performed approximately 4,600 times over the next fourteen years. In August 2004, as he attempted to tighten an electrode while standing on the electrode arm, Mr. Batiste’s wrench slipped, causing him to lose his balance and fall thirty-five feet to the ground.
 

 As a result of his accident and injuries, Mr. Batiste and his family filed the instant suit against Bayou Steel. Essentially, plaintiffs alleged Mr. Batiste’s accident was substantially certain to happen, and therefore fell within the intentional act exception to the workers’ compensation law set forth in La. R.S. 28:1032(B).
 
 [1]
 

 Bayou Steel filed a motion for summary judgment, arguing plaintiffs sole remedy was in workers’ compensation. In support of its motion, Bayou Steel ^produced evidence of Mr. Batiste and his co-workers having performed the same task on numerous occasions without incident.
 

 The district court denied Bayou Steel’s motion for summary judgment. Bayou Steel applied for supervisory review of this ruling. The court of appeal denied the writ. This application followed.
 

 In order to recover in tort against Bayou Steel under La. R.S. 28:1032(B), plaintiffs must prove Mr. Batiste’s injury resulted from an “intentional act.” In
 
 Bazley v. Tortorich,
 
 397 So.2d 475 (La.1981), we explained an intentional act requires the actor to either 1) consciously desire the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) know that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. In the instant case, plaintiffs do not allege Bayou Steel consciously desired to cause harm to Mr. Batiste. Rather, they assert Mr. Batiste’s injuries were substantially certain to follow from Bayou Steel’s conduct.
 

 In
 
 Reeves v. Structural Preservation Systems,
 
 98-1795 at pp. 9-10 (La.3/12/99), 731 So.2d 208, 213, we discussed the “substantial certainty” requirement as follows:
 

 Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.
 

 *
 
 * *
 

 “ ‘Substantially certain to follow’ requires more than a reasonable probability that an injury will occur and ‘certain’ has been defined to mean ‘inevitable’ or ‘incapable of failing.’ ”
 
 Jasmin v. HNV Cent. Riverfront Corp., supra
 
 [642 So.2d 311] at 312 [La.App. 4 Cir.1994], “[A]n employer’s mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the ‘substantial certainty" requirement.” Ar
 
 mstead v. Schwegmann Giant Super Markets, Inc.,
 
 618 So.2d 1140, 1142 (La.App. 4 Cir.1993),
 
 writ denied,
 
 629 So.2d 347 (La.1993). “Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdo
 
 *169
 
 ing.”
 
 Id.
 
 (citing
 
 Tapia v. Schwegmann Giant Supermarkets, Inc.,
 
 590 So.2d 806, 807-808 (La.App. 4 Cir.1991)).
 

 Applying the reasoning of
 
 Reeves
 
 to the facts of the instant case, we find plaintiffs are unable to prove Bayou Steel knew Mr. Batiste’s accident was substantially certain to occur. To the contrary, the undisputed evidence produced by Bayou Steel reveals Mr. Baptiste and his coworkers performed the same task in the same manner for more than fourteen years with no prior injuries.
 
 [2]
 

 Likewise, plaintiffs’ allegations regarding Mr. Batiste’s improper work conditions and Bayou Steel’s failure to supply appropriate safety equipment and tools, even if accepted as true, do not establish the accident was substantially certain to occur. In
 
 Simoneaux v. Excel Group, LLC,
 
 06-1050 at p. 3 (La.9/1/06), 936 So.2d 1246,1248, we explained that an employer’s actions in providing poor working conditions might be considered negligent, or even grossly negligent, but were not intentional:
 

 Applying these precepts to the instant case, we cannot say plaintiffs injuries were the result of an intentional act by defendants. Even accepting plaintiffs allegations that defendants knew the worksite was congested, noisy and that manlift policies were not enforced, the fact remains that plaintiffs injuries were not an inevitable consequence of these actions. Defendants’ actions may have been negligent or even grossly negligent, but they were not intentional.
 

 |Jn sum, we conclude plaintiffs are unable to establish an intentional act as a matter of law. Accordingly, the district court erred in denying Bayou Steel’s motion for summary judgment.
 

 DECREE
 

 For the reasons assigned, the writ is granted. The ruling of the district court is reversed, and Bayou Steel’s motion for summary judgment is granted.
 

 JOHNSON and KNOLL, JJ., would deny.
 

 *
 

 Chief Justice Kimball not participating in this opinion.
 

 [1]
 

 . La. R.S. 23:1032(B) provides:
 

 B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
 

 [2]
 

 . Plaintiffs contend Bayou Steel was aware of a similar accident which occurred in 1999 involving another employee. However, a review of the facts of the 1999 accident reveal it occurred on a different piece of equipment located in a different area of the plant, and ' under different conditions. Moreover, even assuming for sake of argument the two accidents were factually similar, this court has held the mere fact an employer is aware of prior similar accidents is insufficient to establish an intentional act.
 
 See Carrier v. Grey Wolf Drilling Co.,
 
 00-1335 (La.1/17/01), 776 So.2d 439.