PER CURIAM.
| plaintiff filed suit against her husband’s employer, alleging its failure to adhere to proper safety procedures which resulted in his death. Defendant moved for summary judgment, alleging plaintiffs exclusive remedy was in workers’ compensation, as she was unable to show an intentional act on its part. The district court denied summary judgment, and the court of appeal denied supervisory writs. This application followed.
To recover in tort against defendant under La.R.S. 28:1032(B), plaintiff must prove decedent’s injury resulted from an “intentional act.” In Bazley v. Tortorich, 397 So.2d 475 (La.1981), we explained an intentional act requires the actor to either (1) consciously desire the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) know that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. In the instant case, plaintiff does not allege defendant consciously desired to cause harm to decedent. Rather, she asserts decedent’s injuries were substantially certain to follow from defendant’s conduct.
In Reeves v. Structural Preservation Systems, 98-1795 at pp. 9-10 (La.3/12/99), 731 So.2d 208, 213, we discussed the “substantial certainty” requirement as follows:
| ¡¿Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.
* * *
“ ‘Substantially certain to follow’ requires more than a reasonable probability that an injury will occur and ‘certain’ has been defined to mean ‘inevitable’ or ‘incapable of failing’ ” Jasmin v. HNV Cent. Riverfront Corp., supra [642 So.2d 311] at 312 [La.App. 4 Cir.1994]. “[A]n employer’s mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the ‘substantial certainty’ requirement.” Armstead v. Schwegmann Giant Super Markets, Inc., 618 So.2d 1140, 1142 (La.App. 4 Cir.1993), writ denied, 629 So.2d 347 (La.1993). “Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing.” Id. (citing Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806, 807-808 (La.App. 4 Cir.1991)).
In the instant case, plaintiff alleges defendant required decedent to work under unsafe conditions, and failed to provide necessary safety equipment. Accepting plaintiffs allegations as true, we do not find the accident was substantially certain to occur. As we explained in Simoneaux v. Excel Group, LLC, 06-1050 at p. 3 (La.9/1/06), 936 So.2d 1246, 1248, an employer’s actions in providing poor working conditions “may have been negligent or even grossly negligent, but they were not intentional.”
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is granted in favor of defendant.
JOHNSON, J„ dissents.