PER CURIAM.
1 ¶ Plaintiffs’ decedent died as a result of injuries sustained in a workplace accident, which occurred when a large engine block he was cleaning fell on him. Plaintiffs subsequently filed the instant tort suit against decedent’s employer and its insurer, alleging the employer failed to adhere to proper safety procedures, which resulted in decedent’s death. Defendants moved for summary judgment, alleging plaintiffs’ exclusive remedy was in workers’ compensation, as plaintiffs were unable to show an intentional act on the employer’s part. The district court denied summary judgment, and the court of appeal denied supervisory writs. This application followed.
To recover in tort against defendants under La.R.S. 23:1032(B), plaintiffs must prove the employer (1) consciously desired the physical result of its act, whatever the likelihood of that result happening from its conduct, or (2) knew that the result is substantially certain to follow from its conduct, whatever its desire may be as to that result. Moreau v. Moreau’s Material Yard, 12-1096 (La.9/21/12), 98 So.3d 297. In the instant case, plaintiffs do not allege the employer consciously desired to cause harm to decedent. Rather, they assert decedent’s injuries were substantially certain to follow as a result of inadequate equipment and procedures.
In Reeves v. Structural Preservation Systems, 98-1795 at pp. 9-10 (La.3/12/99), 731 So.2d 208, 213, we discussed the “substantial certainty” requirement as follows:
Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.
* * *
“ ‘Substantially certain to follow' requires more than a reasonable probability that an injury will occur and ‘certain’ has been defined to mean ‘inevitable’ or ‘incapable of failing.’ ” Jasmin v. HNV Cent. Riverfront Corp., supra [642 So.2d 311] at 312 [La.App. 4 Cir.1994], “[A]n employer’s mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the ‘substantial certainty' requirement.” Armstead v. Schwegmann Giant Super Markets, Inc., 618 So.2d 1140, 1142 (La.App. 4 Cir.1993), writ denied, 629 So.2d 347 (La.1993). “Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing.” Id. (citing Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806, 807-808 (La.App. 4 Cir.1991)).
In the instant case, plaintiffs rely on the deposition of decedent’s co-worker, who testified he repeatedly told the employer about the frayed straps, rusted chains, and lack of a safety latch on the engine hoist *388 ing equipment. However, even accepting this testimony, it does not establish that decedent’s fatal accident was substantially likely to occur. As we explained in Reeves, the substantial certainty requirement has been held to require more than a mere probability of injury; rather, injury must be inevitable. The mere knowledge that a machine is dangerous, and that its use creates a high probability that someone will eventually be injured, is not sufficient to meet the substantial certainty requirement.
|sUnder the facts presented, we do not find decedent’s injury was inevitable. Rather, defendants point out similar cleaning machines had been used for nearly fifty years, and employees had performed the same procedures thousands of times without injury. As we explained in Simoneaux v. Excel Group, LLC, 06-1050 at p. 3 (La.9/1/06), 936 So.2d 1246, 1248, the employer’s actions in providing poor working conditions “may have been negligent or even grossly negligent, but they were not intentional.”
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is granted in favor of defendants.
JOHNSON, C.J., dissents.
KNOLL, J., dissents and would deny the writ.