PER CURIAM.
| Ronald Martin, an employee of Boh Bros. Construction Company, LLC (“Boh Bros.”), was severely injured while using a cutting saw during the course of his employment. The' accident occurred when Mr. Martin was directed to use a cutting saw to cut a pipe, which was laying flat on the ground without support. As Mr. Martin cut the pipe, the pipe caved inward at the cut, pinching the blades of the saw. The saw then kicked back and struck Mr. Martin in the head and neck.
Subsequently, plaintiffs[1] filed the instant suit against Boh Bros. Plaintiffs alleged Boh Bros, committed an intentional tort by requiring Mr. Martin to cut the pipe in an unsafe manner.
Boh Bros, moved for summary judgment, alleging plaintiffs’ exclusive remedy was in workers’ compensation. The district court denied summary judgment, and the court of appeal denied supervisory writs. This application followed.
To recover in tort against Mr. Martin’s employer under La. R.S. 23:1032(B), plaintiffs must prove the employer (1) consciously desired the physical result of its act, whatever the likelihood of that result happening from its conduct, or (2) knew that the result is substantially certain to follow from its conduct, whatever its desire may be as to that result. Moreau v. Moreau’s Material Yard, 12-1096 (La.9/21/12), 98 So.3d 297. In Reeves v. Structural Preservation Systems, 98-1795 at pp. 9-10 (La.3/12/99), 731 So.2d 208, 213, we discussed the “substantial certainty” requirement as follows:
Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.
“ ‘Substantially certain to follow’ requires more than a reasonable probability that an injury will occur and ‘certain’ has been defined to mean ‘inevitable’ or ‘incapable of failing.’ ” Jasmin v. HNV Cent. Riverfront Corp., supra [642 So.2d 311] at 312 [La.App. 4 Cir.1994], “[A]n employer’s mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the ‘substantial certainty’ requirement.” Armstead v. Schwegmann Giant Super Markets, Inc., 618 So.2d 1140, 1142 (La.App. 4 Cir.1993), writ denied, 629 So.2d 347 (La.1993). “Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing.” Id. (citing Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806, 807-808 (La.App. 4 Cir.1991)).
In the instant case, Boh Bros, presented testimony from Mr. Martin’s co-workers on the day of the accident, indicating that no one, including Mr. Martin’s foreman, intended for Mr. Martin to be harmed in any way. Boh Bros, further presented evidence establishing that an accident of this nature has never occurred in Boh Bros.’ history of operation.
In opposition, plaintiffs submitted expert evidence indicating that Boh Bros, should have known that using the cutting saw in this manner would cause injury. Addition *960 ally, plaintiffs assert Mr. Martin’s foreman gave conflicting testimony as to whether he personally assigned the task to Mr. Martin, which created an issue of material fact. We do not find that any minor discrepancies in the foreman’s testimony creates a genuine issue of material fact on the critical issue of whether he intended to [3cause injury to Mr. Martin. To the contrary, the foreman’s affidavit establishes he did not believe Mr. Martin would be injured, as other Boh Brothers employees have used the cutting saw on previous occasions without incident or injury.
Moreover, even accepting plaintiffs’ contention that using the saw in this manner was likely to produce injury, we And they failed to establish that Mr. Martin’s accident was substantially likely to occur. As we explained in Reeves, the substantial certainty requirement has been held to require more than a mere probability of injury; rather, injury must be inevitable. The mere knowledge that a procedure is dangerous, and that its use creates a high probability that someone will eventually be injured, is not sufficient to meet the substantial certainty requirement.
Under the facts presented, we do not find Mr. Martin’s injury was inevitable. Rather, the evidence indicates there had been no similar accidents in the company’s history. In hindsight, Boh Bros, may have been negligent in directing employees to use unsafe cutting procedures, but its actions were not intentional. As we explained in Simoneaux v. Excel Group, LLC, 06-1050 at p. 3 (La.9/1/06), 936 So.2d 1246, 1248, the employer’s actions in providing poor working conditions “may have been negligent or even grossly negligent, but they were not intentional.”
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is granted in favor of Boh Bros.
JOHNSON, C.J., would deny.
KNOLL, J., would deny.

. Plaintiffs in this matter are Mr. Martin’s wife, on behalf of his minor children, and Mr. Martin’s sister, in her capacity as his curatrix.