PER CURIAM.
| plaintiff was injured in a work-related accident. The accident occurred when a cylinder exploded as one of plaintiffs coworkers attempted to fill it with compressed gas. It was later determined the cylinder was marked as defective, but plaintiffs co-worker did not see this marking at the time he attempted to fill the cylinder.
Subsequently, plaintiff filed the instant suit against several defendants, including his employer, Airgas-Southwest, Inc. (“Airgas”), alleging an intentional tort. Airgas filed a motion for summary judgment, arguing it was immune from liability under the workers’ compensation law. The district court denied summary judgment on this ground, and the court of appeal, with one judge dissenting, denied Airgas’s application for supervisory review. This application followed.
To recover in tort against his employer under La. R.S. 23:1032(B), plaintiff must prove the employer (1) consciously desired the physical result of its act, whatever the likelihood of that result happening from its conduct, or (2) knew that the result is substantially certain to follow from its conduct, whatever its desire may be as to that result. Miller v. Sattler Supply Co., Inc., 13-2558 (La.1/27/14), 132 So.3d 386; Moreau v. Moreau’s Material Yard, 12-1096 (La.9/21/12), 98 So.3d 297.
In the instant case, Airgas produced undisputed testimony from plaintiffs co-worker establishing he did not intend to injure plaintiff or himself. Therefore, plaintiff must establish his injuries were substantially certain to follow as a result of his employer’s actions.
In Reeves v. Structural Preservation Systems, 98-1795 at pp. 9-10 (La.3/12/99), 731 So.2d 208, 213, we discussed the “substantial certainty” requirement as follows:
Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.
* * *
“ ‘Substantially certain to follow’ requires more than a reasonable probability that an injury will occur and ‘certain’ has been defined to mean ‘inevitable’ or ‘incapable of failing.’ ” Jasmin v. HNV Cent. Riverfront Corp., supra [642 So.2d 311] at 312 [La.App. 4 Cir.1994], “[A]n employer’s mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the ‘substantial certainty’ require *917 ment.” Armstead v. Schwegmann Giant Super Markets, Inc., 618 So.2d 1140, 1142 (La.App. 4 Cir.1993), writ denied, 629 So.2d 347 (La.1993). “Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing.” Id. (citing Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806, 807-808 (La.App. 4 Cir.1991)).
In the instant case, plaintiff relies on evidence indicating that a cylinder with a wall leak is certain to catastrophically fail if an attempt is made to fill it with compressed gas. However, these facts do not establish plaintiffs injury was substantially certain to occur. Although Airgas may have been negligent or even grossly negligent in allowing the defective cylinder to be refilled, it was not inevitable that plaintiff would be injured as a result. To the contrary, the [..¡testimony of plaintiffs coworker establishes that if he had seen the marking on the cylinder, he would not have attempted to fill it.
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is granted in favor of Airgas, dismissing plaintiffs intentional tort claim with prejudice.
JOHNSON, C.J, dissents and assigns reasons.
1 plaintiff, Truman Stanley, III, was employed by Airgas-Southwest, Inc., a company engaged in the business of filling and re-filling gas cylinders. Mr. Stanley was seriously injured and lost his right arm below the elbow when a cylinder being filled with compressed gas by a coworker exploded. The cylinder at issue was apparently damaged and had been previously marked with the word “leak” along with a circle and arrow indicating the spot of the leak. However, contrary to Airgas’ own policy, the damaged cylinder was not de-
stroyed. Instead, repair was attempted by replacing the valve.
In opposing Airgas’ Motion for Summary Judgment, Mr. Stanley submitted the affidavit of a mechanical engineer who stated that filling a cylinder with compressed gas is a hazardous activity and that when the cylinder has a crack in its shell, catastrophic failure is assured. He further opined that re-valving and placing the cylinder back into service, instead of condemning or destroying it, was the primary cause of the explosion and Mr. Stanley’s injuries. Additionally, several Airgas employees testified that a leaking cylinder could not be re-used and that a cracked or leaking cylinder was certain to explode and fail if used. Contrary to the majority, I find Mr. Stanley submitted sufficient evidence that his injury was substantially certain to occur as a result of Airgas’ actions and thus he should be | ¡¡allowed to proceed with his tort suit against his employer.
For these reasons and for reasons I expressed in my dissent in Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208, I find the lower courts properly denied Airgas’ motion for summary judgment. Therefore, I respectfully dissent and would deny Airgas’ writ application.
WEIMER, J., dissenting.
| Relieving there remain genuine issues of material fact regarding the applicability of the exclusive remedy provision of La. R.S. 23:1032, I respectfully dissent. See La. C.C.P. art. 966(B).
HUGHES, J., dissents and would deny the writ.