# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2023

Lyle W. Cayce
Clerk

No. 22-30413
Summary Calendar

Herman Populars, Jr.,

*Plaintiff—Appellant*,

*versus*

Trimac Transportation, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-cv-316

Before Clement, Graves, and Wilson, *Circuit Judges*.

Per Curiam:*

Herman Populars, Jr., appeals the district court's grant of summary judgment to Trimac Transportation, Inc. We AFFIRM.

**I**

The parties here tell the same, undisputed tale. Trimac runs a tanker cleaning facility in Geismer, Louisiana. Populars, employed there as a "wash

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30413

rack technician," was tasked with washing tankers brought into the facility. To do so, he would start by draining the heel—the tanker's few remaining gallons—into a five-gallon bucket. He would then empty that bucket into 55-gallon steel drums. This was usually uneventful.

On March 16, 2018, however, it was not. Populars first drained a tanker correctly labeled as containing methylene diphenyl diisocyanate (MDI). He then did the same for a second tanker, one also marked—both in Trimac's computer safety system and on a placard on the tanker itself—as containing MDI.[1] But when Populars drained the supposed-MDI into the same steel drum as before, the chemicals exploded, injuring him. It turns out that the second tanker contained not MDI, but monoethanolamine (MEA). The two—MDI and MEA—are highly reactive.

Populars sued Trimac, alleging that the company intentionally harmed him. The district court eventually awarded Trimac summary judgment, finding that Populars failed to show that Trimac intended his harm. Populars now appeals.

## II

We review a district court's grant of summary judgment *de novo* and view the record in the light most favorable to the non-movant. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)).

Since Trimac employs Populars, he would ordinarily be entitled only to worker's compensation benefits as remedy for a workplace injury. *See* La.

---

[1] The placard was placed not by Trimac, but by the "generator of the fluid."

No. 22-30413

Rev. Stat. § 23:1032(A)(1)(a). However, if Populars's injury resulted from "an intentional act," Populars is permitted to sue in tort. *See id.* § 23:1032(B). To be an intentional act, the actor must either consciously desire the physical result of his act, or must know that the result is substantially certain to follow from his conduct, his desire notwithstanding. *See Cole v. State Dep't of Pub. Safety & Corr.*, 825 So. 2d 1134, 1140 (La. 2002).

Everyone here agrees that Trimac did not consciously desire to hurt Populars. Instead, Populars must show that Trimac knew his injury was substantially certain to result from its actions. Substantial certainty, in this context, "requires more than a reasonable probability that an injury will occur," but rather that such injury was "inevitable or incapable of failing." *Stanley v. Airgas-Southwest, Inc.*, 171 So. 3d 915, 916 (La. 2015) (per curiam) (citations and quotations omitted). As Louisiana courts have made clear, "mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct . . . ." *Id.* at 917 (quotations and citation omitted). That an employer believes "someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of intentional tort . . . ." *Id.* at 916 (quotations and citation omitted).

Populars's argument is straightforward. First, he notes that the MEA tanker had an illegible safety data sheet but was nevertheless encoded in Trimac's computer system as containing MDI. This means, says Populars, that Trimac *intentionally* coded the tanker as containing MDI, even though only the tanker's placard—and not its data sheet—supported that conclusion. Populars then argues that because the tanker *actually* contained MEA, not MDI, his injury was substantially certain to occur because the two chemicals are incompatible.

But there's a problem with that argument. Populars fails to show that Trimac *knew* it mislabeled the tanker. It is not enough that Trimac

3

intentionally coded into its system that the tanker contained MDI. Doing so may have been reasonable, negligent, or reckless—none of which sustains a suit under § 23:1032(B). Populars instead needed to demonstrate that Trimac (or a reasonable company in Trimac's position) *knew* this designation was wrong, and, therefore, knew that Populars's injury was inevitable. Despite claiming that "Trimac knew it possessed chemicals that would produce a violent exothermic reaction when mixed together," Populars points to no evidence to support that assertion. Without any such knowledge, Trimac cannot reasonably be said to have intended Populars's harm.

All Populars shows is that Trimac followed the tanker's placard and coded it as containing MDI. He does not show how Trimac knew, given those actions, that his injury was substantially certain to occur. All told, then, the district court did not err in granting Trimac summary judgment.

AFFIRMED.