# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2023

Lyle W. Cayce
Clerk

No. 23-30120

_____

Raymond S. Harvey,

*Plaintiff—Appellant*,

*versus*

Preload, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-401

_____

Before Clement, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Raymond S. Harvey, a former employee of Preload, L.L.C., was injured when the multi-level rolling scaffold upon which he was working toppled. He sued Preload, alleging that its intentional misconduct satisfied Louisiana's Workers' Compensation Law's explicit carve-out for "intentional acts." The district court disagreed. After denying Mr. Harvey's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30120

motion for leave to file a sur-reply, it granted Preload's motion for summary judgment. For the reasons set forth below, we AFFIRM.

## I. Background

### A. Facts

Preload, a business that constructs concrete water storage tanks, contracted with City of Lake Charles to construct a water tank at one of the City's water treatment facilities. Raymond Harvey worked as a laborer for Preload and was assigned to the Lake Charles water tank project.

To complete the job, Preload leased the parts for a rolling scaffold, which it then erected inside the water tank. The scaffold itself was five sections high and one section wide, topping out at roughly thirty-four feet. It was not affixed with a backup base, which adds stability and prevents collapse, and the wheels had no locking mechanism. The tank was constructed with a ten-inch ledge along the outer wall, with the floor sloping down twelve degrees from this ledge to the center floor, which was level. The scaffold's outer wheels were situated atop the tank's ten-inch ledge while the inner wheels sat on the center of the floor. This resulted in a predetermined and fixed path for the scaffold to move around the tank, leaving it with roughly six inches to maneuver inward or outward to avoid hazards. Near the inner wheels of the scaffold was a twenty-four-inch hole in the tank floor, which Preload partially covered with a loose piece of ¾ inch plywood.

On October 5, 2020, David Jeter—the project manager for the Lake Charles project—instructed a crew to waterproof wall panel seams inside the tank. Mr. Harvey and other members of the crew mounted the rolling scaffold, which had been "red-tagged" as unfit for use, and began painting the seams. Once they finished painting the first section, a crew member called down for the other workers to roll the scaffold to the next seam. As the scaffold was being moved, one of the wheels on its base fell into the

2

prefabricated, twenty-four-inch hole in the floor.  Subsequently, the scaffold toppled backward to the floor.  As a result, Mr. Harvey was injured.

### B.  Procedural History

Mr. Harvey filed a petition for damages in Louisiana state court, and Preload subsequently removed the case to the district court based on diversity jurisdiction. Preload moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the district court denied.  It reasoned that Mr. Harvey had sufficiently alleged conditions and violations of safety standards concerning the subject scaffold, in addition to Preload's motivation for completing the job, to support its claim that there was a virtual certainty the accident would occur.  Preload then moved for summary judgment on the same ground—there was no genuine dispute of material fact that Preload did not commit an "intentional act" within the meaning of Louisiana Revised Statutes § 23:1032(B).  After denying Mr. Harvey's motion for leave to file a sur-reply, the district court granted Preload's motion for summary judgment. Mr. Harvey timely appealed.

### II.    Jurisdiction & Standard of Review

The district court had jurisdiction under 28 U.S.C. § 1332.  We have appellate jurisdiction under 28 U.S.C. § 1291.

We review a district court's order granting summary judgment de novo, applying the same standard as the district court. *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155–56 (5th Cir. 2018).  "Summary judgment is proper only when it appears that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 156 (quotation omitted).  We view the facts in the light most favorable to the non-movant and draw all inferences in his favor.  *Id.*

Further, we review a district court's decision denying a motion for leave to file a sur-reply for abuse of discretion. *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 766 (2022).

## III.    Discussion

Of course, on the substantive question in this case, we are required to apply Louisiana law. *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 391 (5th Cir. 2014). Additionally, we are bound by the Louisiana Supreme Court and consider decisions by the courts of appeals. *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013). It is important to keep in mind what we are not considering: whether Mr. Harvey should receive workers' compensation. Rather, we are considering a statute that allows recovery *beyond* workers' compensation which is very rarely applied and only to intentional situations. The whole purpose of workers' compensation is to eliminate the need for litigation related to workplace accidents. Thus, the statute in question allowing recovery beyond workers' compensation is very rarely applied and only to intentional situations. Nonetheless, Mr. Harvey contends the district court erred in granting summary judgment to Preload and denying his motion for leave to file a sur-reply. Each issue is addressed below, but neither warrants reversal.

### A. Louisiana's Intentional Acts Exception

Mr. Harvey argues that he presented evidence sufficient to create a genuine dispute of material fact whether Preload committed an intentional act within the meaning of § 23:1032(B) that caused his injuries. More precisely, he contends that Preload's multiple instances of negligence or recklessness add up to a showing that Preload knew Mr. Harvey's injuries were substantially certain to follow. We disagree.

To recover in tort against Preload in light of § 23:1032(B), Mr. Harvey must prove that Preload "knew that the result is substantially certain to

follow from its conduct, whatever its desire may be as to that result." *Danos v. Boh Bros. Constr. Co.*, 132 So. 3d 958, 959 (La. 2014) (per curiam). To show "substantial certainty," it is not enough that an employer has "knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured." *Stanley v. Airgas-Sw., Inc.*, 171 So. 3d 915, 916–17 (La. 2015) (quotation omitted). Likewise, "mere knowledge and appreciation of a risk" is not sufficient to constitute intent. *Id.* at 917 (quotation omitted). "[R]eckless or wanton conduct by an employer" also does not "constitute intentional wrongdoing." *Id.* (quotation omitted). Instead, "substantial certainty" requires something "more than a reasonable probability that an injury will occur"; it is something closer to "inevitable" or "incapable of failing." *See Batiste v. Bayou Steel Corp.*, 45 So. 3d 167, 168 (La. 2010); *see also Rolls ex rel. A. R. v. Packaging Corp. of Am. Inc.*, 34 F.4th 431, 441 (5th Cir. 2022) (noting "[e]ven knowledge of a *high degree of probability* that injury *will* occur is insufficient to establish that the employer was substantially certain that injury would occur" (quotation omitted)).

Mr. Harvey has failed to meet his burden to raise a material fact issue on the relevant point. He points to a myriad of evidence that he contends, in the aggregate, adds up to an intentional act.[1] For instance, he relies on the rolling scaffold's lack of a locking mechanism on its wheels, its improper height-to-width ratio, the fact that it had no backup base affixed, and that it

---

[1] Mr. Harvey mainly relies on *Robinson v. N. Am. Salt Co.*, 865 So. 2d 98 (La. Ct. App. 2003) to support his contention that multiple instances of fault satisfy the substantial certainty requirement. We find this case unpersuasive for two reasons. First, when evaluating issues of state law, we "look to the final decisions of that state's highest court," which *Robinson* is not. *Temple*, 720 F.3d at 307 (quotation omitted). Second, the majority in *Robinson* relied, in part, on an expert's after-the-fact analysis to conclude the substantial certainty requirement was met even though there was no evidence that the relevant individual had knowledge or a belief that an accident was substantially certain to occur. *Robinson*, 865 So.2d at 112 (McDonald, J., dissenting).

was red-tagged as unfit for use. All of this evidence certainly increases the likelihood that the rolling scaffold might topple, especially considering that it was situated on a twelve-degree slanted floor and within its fixed path was a two-foot hole partially covered by plywood that no one disputes could not support the weight of the scaffold. But, importantly, Preload was not aware of several of these facts prior to the accident.

For instance, while Mr. Jeter knew the floor was sloped, he did not recall measuring it to determine the degree of the slope. He also believed that the two-foot hole was covered by a piece of plywood that was fastened into the concrete with nails, and did not notice a different, loose piece of plywood was partially covering the hole prior to the accident.[2] Moreover, neither Mr. Jeter nor Mr. Alvarez—the lead man for the Lake Charles project—believed the collapse of the rolling scaffold was a virtual certainty.[3] Nor had they ever seen a rolling scaffold fall. In fact, just two days before the accident, the rolling scaffold had been used without incident—albeit without employees

---

[2] For purposes of this decision, we accept Mr. Harvey's argument that we should not rely on Mr. Jeter's assertion that he simply forgot about the rolling scaffold being red-tagged and lacking a backup base. *See Deville v. Marcantel*, 567 F.3d 156, 165 (5th Cir. 2009) (per curiam) ("[W]hen the circumstances are conducive to lying, well-supported suspicion of mendacity may serve as a legitimate basis for the factfinder's reasonable inferences concerning the ultimate facts at issue."). Nonetheless, even if Mr. Jeter remembered the rolling scaffold was red-tagged and lacked a backup base, this still would not be enough to satisfy the substantial certainty requirement. *Stanley*, 171 So. 3d at 916 ("[A]n employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the 'substantial certainty' requirement." (quotation omitted)).

[3] Our conclusion that Mr. Harvey has failed to create a genuine dispute of material fact as to whether Preload knew to a virtual certainty that he would be injured also disposes of his argument that because the district court denied Preload's Rule 12(b)(6) motion to dismiss, it also had to deny Preload's motion for summary judgment. That is simply not the law—the two rules are different; one involves pleading and the other involves evidence. Put another way, Mr. Harvey has failed to support *all* of his allegations with material fact issue evidence.

atop—even though all of the same hazards were present as the day of the collapse. Thus, while Mr. Harvey's evidence might raise a fact issue on gross negligence or even recklessness, we cannot say there is a genuine dispute of *material* fact that Preload knew to a virtual certainty that Mr. Harvey would be injured. *See Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 213 (La. 1999) (concluding the evidence was not sufficient to satisfy the "substantial certainty" standard because the pot had been previously moved without anyone being injured, the supervisor believed the employees could move the pot without incident, and the plaintiff had already moved the pot halfway by himself with no trouble).

## B. Denial of Motion for Leave to File Sur-Reply

Mr. Harvey further contends the district court abused its discretion in denying his motion for leave to file a sur-reply because by denying the motion, it failed to consider the attached supplemental expert affidavit, which would have created a genuine dispute of material fact. We disagree for the straightforward reason that Preload's reply did not raise any new arguments warranting a sur-reply. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (concluding the district court did not abuse its discretion in denying the plaintiff's motion for leave to file a sur-reply because the defendant "did not raise any new arguments in its reply brief"); *see also Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 489 (5th Cir. 2010) (concluding district court's decision to disregard appellant's sur-reply and attached exhibits in the context of a motion for summary judgment was not an abuse of discretion). Therefore, the district court did not abuse its discretion in denying Mr. Harvey's motion for leave to file a sur-reply.

## IV. Conclusion

For the reasons set forth above, we AFFIRM the district court's order granting summary judgment in favor of Preload.