# United States Court of Appeals for the Fifth Circuit

No. 23-30354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2023

Lyle W. Cayce
Clerk

Edilberto Caceres,

*Plaintiff—Appellant*,

*versus*

Preload, L.L.C.,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-3834

———————————————————

Before Dennis, Elrod, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Edilberto Caceres appeals the district court's grant of summary judgment to Defendant-Appellee Preload, L.L.C., on his survivorship and wrongful death actions purportedly brought under the intentional act exception to Louisiana's worker's compensation scheme in La. R.S. 23:1032(B). This case arises out of the death of Caceres's son, Isaid

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Figueroa, who was fatally injured while working on scaffolding in the course and scope of his employment with Preload.

We review a district court's order granting summary judgment *de novo*, applying the same standard as the district court. *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155–56 (5th Cir. 2018) (citing *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). "Summary judgment is proper only when it appears that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 156 (quoting *Reingold*, 126 F.3d at 646). We view the facts in the light most favorable to the non-movant and draw all inferences in his favor. *Id.* (citing *Reingold*, 126 F.3d at 646).

Louisiana's Worker's Compensation Law precludes a tort suit against an employer for a workplace injury unless the plaintiff can show that the injury resulted from an "intentional act." LA. R.S. 23:1032(B). The intentional act exception is construed narrowly. *Reeves v. Structural Pres. Sys.*, 98-1795, p. 6 (La. 3/12/99), 731 So. 2d 208, 211. To constitute "intent," the plaintiff must show that the employer either consciously desired the physical result of its conduct or knew the result was "substantially certain to follow" from its conduct. *Bazley v. Tortorich*, 397 So. 2d 475, 482 (La. 1981); *see also Stanley v. Airgas-Sw., Inc.*, 2015-0274, p. 1 (La. 4/24/15), 171 So. 3d 915, 916 (per curiam).

"Substantial certainty" demands "more than a reasonable probability that an injury will occur" and requires something closer to "inevitable or incapable of failing." *Stanley*, 171 So. 3d at 916. (quoting *Reeves v. Structural Pres. Sys.*, 98–1795, pp. 9–10 (La. 3/12/99), 731 So. 2d 208, 213); *see also Rolls ex rel. A.R. v. Packaging Corp. of Am. Inc.*, 34 F.4th 431, 442 (5th Cir. 2022) (alteration in original) (noting that "[e]ven knowledge of a *high degree of probability* that injury *will* occur is insufficient to establish that the employer

No. 23-30354

was substantially certain that injury would occur" (quoting *Wilson v. Kirby Corp.*, No. 12-0080, 2012 WL 1565415, at *2 (E.D. La. May 1, 2012)). A belief that "someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act." *Batiste v. Bayou Steel Corp.*, 2010-1561, p.2 (La. 10/1/10), 45 So. 3d 167, 168 (quoting *Reeves*, 98–1795, at pp. 9–10, 731 So. 2d at 213).

In a related suit against Preload by another employee who was injured in the same incident as Figueroa, another panel of this court recently affirmed the grant of summary judgment to Preload based on largely the same evidence as in this case because the evidence did not show the intentional act exception applied. *Harvey v. Preload, L.L.C.*, No. 23-31020, 2023 WL 6442598, at *2-3 (5th Cir. Oct. 3, 2023) (unpublished). We find this decision very persuasive.

Here, the district court correctly found that Caceres failed to create a genuine issue of material fact that Preload committed an intentional act under § 23:1032(B). Caceres relies on evidence that he contends, in the aggregate, adds up to satisfy the "substantial certainty" standard. However, importantly, Preload was not aware of several of these facts prior to the accident. *Harvey*, 2023 WL 6442598, at *3. That an expert for Caceres testified it was his opinion that the accident was inevitable makes no difference, because there is still no evidence that Preload *knew* the accident was inevitable. *See Populars v. Trimac Transp., Inc.*, No. 22-30413, 2023 WL 20866, at *2 (5th Cir. Jan. 3, 2023) (emphasis added) (affirming summary judgment for the defendant despite evidence that the plaintiff's injury was inevitable because the plaintiff failed to show that the employer "*knew* that [the plaintiff's] injury was inevitable").

While Caceres's evidence might raise a fact issue on gross negligence or even recklessness, we cannot say there is a genuine dispute of material fact that Preload knew to a substantial certainty that Caceres would be injured.

No. 23-30354

*See id*; *Harvey*, 2023 WL 6442598, at *3. Because Caceres's claims do not fall within the intentional act exception of § 23:1032(B), summary judgment was appropriate.

The judgment of the district court is AFFIRMED.