IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 29, 2008

Charles R. Fulbruge III
Clerk

No. 06-31091
Summary Calendar

DARRYL CURRY

Plaintiff-Appellant

v.

RODNEY JACK STRAIN, JR, Sheriff, St. Tammany Parish; WARDEN
DUCK, St. Tammany Parish Jail; CAPTAIN LETENO, St. Tammany Parish
Jail, ZACHARY CARBO, Deputy; MICHAEL FERRELL, Deputy

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CV-2462

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Darryl Curry filed suit against St. Tammany Parish and several of its
employees, alleging numerous civil rights violations stemming from his arrest
on August 22, 1999. The defendants filed multiple motions for summary
judgment, and only Curry's excessive force claims under 42 U.S.C. § 1983 and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his state law assault and battery claims survived for trial. After a trial before a magistrate judge and jury, the jury returned a verdict in favor of the defendants. The district court entered final judgment, and Curry filed this appeal.

Curry argues that the court erred in denying his motion to compel additional discovery. Alternatively, Curry argues that the court should have granted him a continuance because he needed additional time for discovery and because he was unable to assist his attorney in preparing for trial. We review discovery rulings, including the denial of a motion to compel, for abuse of discretion. See Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir.2000). We "will affirm such decisions unless they are arbitrary or clearly unreasonable." Id. We likewise review the grant or denial of a continuance for abuse of discretion. Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1441 (5th Cir.1993).

We find no abuse of discretion in this case. First, Curry's motion to compel was untimely. The magistrate judge entered a scheduling order pursuant to FED. R. CIV. P. 16 providing that all discovery "shall be completed" by August 11, 2006. In addition, the court's scheduling order required the parties to file all pretrial motions no later than August 15, 2006. Curry did not file his motion to compel until September 1, 2006, well after the deadline for completing discovery and filing pretrial motions had passed. In addition, many of the issues on which Curry requested additional discovery related to claims that were previously dismissed on summary judgment. Given Curry's unexplained delay in seeking the court's assistance in compelling discovery and the irrelevance of many of his discovery requests, the court's decision to deny Curry's request for additional discovery was not "arbitrary or clearly unreasonable." See Moore, 233 F.3d at 876.

Curry also argues that he was entitled to a continuance because he was mentally incompetent and unable to assist his counsel in preparing for trial. The

court evaluated the evidence that Curry submitted in support of his motion to continue, including his medical records, and found that Curry had not established that he was unable to assist his attorney in preparing for trial. After carefully reviewing the same evidence, we cannot say that this conclusion was an abuse of discretion.

Finally, Curry's brief alludes to an argument that the court should have declared a mistrial after he exhibited bizarre behavior in front of the jury. Because Curry has not adequately briefed this issue, we will not consider it. See United States v. Thames, 214 F.3d 608, 611 n. 3 (5th Cir. 2000) (a party waives an issue if he fails to adequately brief it); see also FED. R. APP. P. 28(a)(9)(A) (Appellant's brief must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies. . . .").

The judgment is AFFIRMED.