**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 10a0032n.06**

**Case No. 08-4638**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Jan 20, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNIQUE PAVING MATERIALS CORP., et al., | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| ANTHONY J. FARGNOLI, et al., | ) ) | |
| Defendants-Appellees. | ) ) | |

BEFORE:  BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; and TARNOW, District Judge.[*]

ALICE M. BATCHELDER, Chief Judge.  Unique Paving Materials Corp. (hereinafter "Unique") and Unique Paving Materials of California (together hereinafter "Plaintiffs") appeal the district court's order granting summary judgment to Anthony Fargnoli, Don Nathan, Lloyd Folsom, Lafarge North America, Inc., and the QPR Division of Lafarge North America (hereinafter "Defendants") on the Plaintiffs' claims for injunctive relief to prevent Defendants from using Plaintiffs' trade secrets, breach of contract and contract damages, conversion, misappropriation of trade secrets, tortious interference, unfair competition, tortious inducement, and violation of Ohio's Uniform Trade Secrets Act, Ohio Rev. Code Ann. § 1333.61, *et seq.* (LexisNexis 2006).  All these claims arise out of Fargnoli's leaving Unique for QPR after being encouraged to do so by Nathan

---

[*]The Honorable Arthur J. Tarnow, United States District Court for the Eastern District of Michigan, sitting by designation.

and Folsom, and Unique's subsequent attempts to enforce the non-competition clause of its contract with Fargnoli.

The district court held that Plaintiffs failed to adduce sufficient evidence of misappropriation or threatened or inevitable misappropriation of trade secrets to withstand summary judgment on those claims. The district court also held that Plaintiffs' conversion, misappropriation of trade secrets, tortious interference, and unfair competition claims were preempted by Ohio's Uniform Trade Secrets Act, Ohio Rev. Code Ann. § 1333.67 (LexisNexis 2006), and evidence Plaintiffs sought to rely on to raise new claims under Ohio's deceptive trade practices statute, Ohio Rev. Code Ann. § 4165.02 (LexisNexis 2007) was not properly before the court. The district court further held that the contract's non-compete clause was unenforceable in Ohio and Pennsylvania, and that Plaintiffs did not present sufficient evidence of a breach by Defendants' activities in New York. Finally, the district court held that because Plaintiffs failed to present sufficient evidence of a breach of contract, their tortious interference claims also failed.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we are convinced that the district court did not err in its conclusions. As the district court's opinion correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM** the district court's order granting summary judgment in favor of Defendants.