# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2012

No. 11-11102
Summary Calendar

Lyle W. Cayce
Clerk

TONY LAMAR VANN

Plaintiff-Appellant

v.

GILBERT, Fort Worth Police Officer #3598; FERREN, Fort Worth Police Officer #3613; WOOD, Fort Worth Police Officer #3653,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-106

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tony Vann appeals pro se the district court's grant of summary judgment in favor of defendant-appellees and the denial of his motion to compel discovery, his motion for summary judgment, and his motion to stay the proceedings.

Vann sued Fort Worth Police Officers Caleb Ferren, Carey Gilbert, and Eric Wood for false arrest, false imprisonment, use of excessive force in

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11102

effectuating his arrest, and violating 42 U.S.C. § 1985.  We affirm the district court's denial of each of Vann's motions and the grant of summary judgment in favor of defendant-appellees.

I. Facts

On June 8, 2008, Ferren observed Vann and a female park their vehicle in a private church parking lot, walk across the street, and enter a vacant, boarded-up house across the street.  Ferren pulled his patrol car over and walked up to the house.  As Ferren approached, Vann came to the door of the house, explaining that he had been hired by the owner of the home to do work on the house and providing the name and phone number of the owner.  At Ferren's request, Vann identified his female companion as his wife but gave Ferren the incorrect last name and date of birth for the woman.  Further investigation revealed that her name was Susan Reeves and that she was not Vann's wife.  Ferren testified that he believed that the pair were trespassing for the purpose of prostitution and detained Vann.  Vann claims he was then placed in Ferren's patrol car for a substantial amount of time despite the 100-plus-degree weather.  Ferren radioed for backup, and Gilbert and Wood arrived. While Vann was in Ferren's patrol car, Ferren discovered that Vann had four outstanding warrants for his arrest on Class C misdemeanors.  Despite this, Ferren released Vann after confirming with the owner of the home that Vann had permission to be on the premises.  After Vann exited the patrol car, Ferren discovered what appeared to be a bag of marijuana under the back seat of Ferren's patrol car.

The remaining events are disputed.  According to Vann, he immediately informed Ferren that the bag of marijuana was not his, but Ferren responded by making accusations against Vann and shouting racial slurs. Vann then threw the bag to the ground in frustration.  In response, the three officers began to stomp on Vann's neck and back while he was on the ground.  The officers also

No. 11-11102

threatened to shoot Vann's dog and harassed Reeves by taunting her and watching a female officer strip search Reeves in another patrol car.

According to Ferren, after discovering what appeared to be a bag of marijuana, he placed the bag on the trunk of his patrol car and informed Vann that he was under arrest. Although Vann initially appeared to comply with Ferren's orders, Vann then grabbed the bag as he was being handcuffed and began to eat its contents. According to Ferren, he attempted to stop Vann from eating the contents of the bag by "delivering one knee strike to Vann's common peroneal area and applying an arm bar technique to get Vann to the ground." When Vann was on the ground, Vann continued to resist arrest, and Gilbert and Wood intervened. Gilbert testified that he used his hands to apply "an epiglottal pressure point technique in an effort to prevent Mr. Vann from swallowing" the contents of the bag and "applied one distractionary knee strike to Mr. Vann's left side to gain compliance." Wood grabbed Vann's left arm to help place Vann in handcuffs.

It is undisputed that after he was arrested, Vann pleaded guilty to attempted tampering with evidence and received ninety days in county jail. Vann filed this lawsuit on February 18, 2009.

II. Vann's Motion to Compel Discovery

Originally, the district court set the deadline for discovery for May 31, 2011. The district court later granted Vann's June 24, 2011 motion to extend the district court's scheduling order thirty days to allow for additional discovery. The district court set a new discovery deadline of July 25, 2011 and a new pretrial motion deadline of August 8, 2011. On August 9, 2011, after the revised discovery deadline and pretrial motion deadline both had passed, Vann filed a motion to extend the district court's discovery deadline until December 3, 2011. The motion for the extension did not explain what discovery was needed or why discovery was not sought earlier; it only stated that Vann needed to prepare

No. 11-11102

himself for the jury trial. The motion was denied by the district court on October 6, 2011. Vann next sent a discovery request to defendant-appellees on August 22, 2011. Vann filed a motion to compel on October 11, 2011 stating that a set of interrogatories had been sent to the defendants on August 22, 2011 and that the interrogatories remained unanswered after the thirty-day deadline set forth in Federal Rule of Civil Procedure 33. This motion was denied by the district court with Vann's other pending motions on November 18, 2011.

Vann argues that the district court abused its discretion by denying his motion to compel because he "has been argueing [sic] discovery since cause [sic] was reversed and remanded. Before the deadline of July 25[,] 2011. Also since first court order denying discovery dated Feb 17, 2011 . . . ." "We review a district court's discovery rulings, including the denial of a motion to compel, for abuse of discretion. We will affirm such decisions unless they are arbitrary or clearly unreasonable. " *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004) (citations and internal quotation marks omitted).

The district court did not abuse of discretion by denying Vann's October 11, 2011 motion to compel. Because the district court's amended scheduling order required all discovery to be completed by July 25, 2011, the motion to compel was untimely. The district court had already extended the discovery deadline thirty days to allow Vann further time for discovery but according to the record, Vann failed to seek any discovery during those thirty days. In light of Vann's "unexplained delay in seeking the court's assistance in compelling discovery," the district court's decision to deny Vann's motion to compel was not "arbitrary or clearly unreasonable." *See Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (unpublished) (citing *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000)) (holding that the district court did not abuse its discretion in denying the plaintiff's motion to compel because the motion was

4

No. 11-11102

filed after scheduling deadlines had expired and included a number of irrelevant discovery requests).

III. Vann's Motion for Summary Judgment

On October 11, 2011, Vann filed a motion for summary judgment in conjunction with his motion to compel discovery. The portion of the motion addressing summary judgment did not include any evidence, caselaw, argument, or analysis. It merely stated that the motion was pursuant to Federal Rule of Civil Procedure 56. Thus, Vann failed to demonstrate that, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 ("[T]he movant has the burden of showing this court that summary judgment is appropriate." (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Accordingly, we affirm the district court's denial of Vann's motion for summary judgment.

IV. Vann's Motion to Stay the Proceedings

Vann informed the district court that he planned to file a petition for writ of mandamus with this court and asked the district court to stay the case during the pendency of the writ. We review the denial of a stay for abuse of discretion. *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010). We have held that:

> because [mandamus] requests are only granted in exceptional circumstances, the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending. If the district court or the court of appeals finds it appropriate to stay proceedings while a petition for mandamus relief is pending, such a stay may be granted in the court's discretion.

*Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995). Vann did not specify in his motion what district court action he would be challenging. He had also filed multiple frivolous motions in the district court and sought relief from

5

this court four times, prompting a sanction warning by each court. The district court did not abuse its discretion in refusing to grant the stay.

V. Defendant-Appellees ' Motion for Summary Judgment

"We review a grant of summary judgment de novo, applying the same standards as the district court." *Dillion v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citations and internal quotation marks omitted). Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact is genuinely disputed must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or . . . show[] that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1)(A), (B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The trial court may not weigh evidence or make credibility determinations when considering a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "We construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2008) (internal citations omitted). However, "[a]fter the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex*, 477 U.S. at 322).

A. Vann's False-Arrest and False-Imprisonment Claims

No. 11-11102

The district court dismissed Vann's false-arrest and false-imprisonment claims because they failed as a matter of law under *Heck v. Humphrey*, 512 U.S. 477 (1994), and in the alternative, because defendant-appellees are entitled to qualified immunity. Under *Heck*, "[a] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489–90. Vann contests his arrest and imprisonment as a result of Ferren's discovery of the marijuana and Vann's attempt to consume the marijuana. His claim fails as a matter of law, as the district court held, because these two actions are part of Vann's still-valid conviction for attempted tampering with evidence. *See Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). The district court was correct that any judgment that the final arrest and imprisonment was wrongful "would, in effect, imply that his conviction was invalid." Notably, Vann on appeal does not contest, nor even address, the district court's application of *Heck*.[1]

B. Vann's Excessive-Force Claims

Next, Vann argues that defendant-appellees used excessive force when they arrested him after the marijuana was discovered. "To prevail on an excessive force claim, a plaintiff must establish: (1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007) (citations and internal quotation marks omitted).

In order for summary judgment to be granted in favor of defendant-appellees, because the burden at trial would rest on Vann, the defendant-appellees prevail if they demonstrate the absence of evidentiary support in the

---

[1] Although we construe a pro se plaintiff's pleadings liberally, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), Vann's complaint explicitly disclaims that his detention prior to the marijuana being discovered was an arrest.

record for Vann's claim. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000) (citing *Celotex*, 477 U.S. at 322).  Vann, the non-movant, could not rely on mere allegations in his pleadings; instead, he had to respond to the motion for summary judgment by setting forth particular facts indicating that there was a genuine issue for trial. *See Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (quoting *Liberty Lobby*, 477 U.S. at 248). Although Vann's complaint stated that "one of the defendants put his foot on plaintiffs [sic] neck for a very, very, very long time.  Causing injury to plaintiffs [sic] neck and back," Vann's only evidence, his declaration and Reeves's declaration, did not offer any evidence of description of injury.  Without supporting evidence of any injury, even minor injury, mere allegations of injury are insufficient to defeat a motion for summary judgment, as the district court held.  *See Park v. Stockstill Boat Rentals, Inc.*, 492 F.3d 600, 605 (5th Cir. 2007) ("It is not enough for [the plaintiff] to rest on mere conclusory allegations or denials in his pleadings.  [The plaintiff] must point out, with factual specificity, evidence demonstrating the existence of a genuine issue of material fact on every component of his case." (citations omitted)).  We therefore affirm the district court's grant of summary judgment on Vann's excessive force claims.

C. Vann's 42 U.S.C. § 1985 Claims

Finally, in his brief before this court, Vann asserts that a conspiracy exists to interfere with his civil rights because the Forth Worth Police Department withheld video recordings of his arrest.  However, this allegation did not appear in Vann's complaint, and no evidence was offered to support it.  Vann's motion for summary judgment and attached declarations did not mention video recordings or that they were withheld.  No other evidence was offered by Vann. Mere "conclusory allegations" or "unsubstantiated assertions" are insufficient to demonstrate a genuine issue of material fact for trial. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air*

No. 11-11102

*Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)) (internal quotation marks omitted).  Because Vann failed to offer any evidence upon which to base a charge of conspiracy to deprive him of his civil rights, summary judgment was properly granted.

VI. Conclusion

The district court did not abuse its discretion in denying the motion to compel discovery or motion to stay proceedings.  Vann's motion for summary judgment was properly denied as it included no evidence, argument, or analysis.  The district court properly granted summary judgment in favor the defendant-appellees.  Therefore, we AFFIRM.