# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 17-30660

—————

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2018

Lyle W. Cayce
Clerk

BRAND SERVICES, L.L.C.,

Plaintiff - Appellant

v.

IREX CORPORATION,

Defendant - Appellee

—————————————

Appeal from the United States District Court
for the Eastern District of Louisiana

—————————————

Before KING, ELROD, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

The petition for rehearing is DENIED. The following is substituted in place of the prior opinion.

Appellant Brand Services, L.L.C. ("Brand Services") challenges the district court's grant of summary judgment in favor of Appellee Irex Corporation ("Irex") on Brand Services's Louisiana Uniform Trade Secrets Act ("LUTSA") claim and its civilian law conversion claim. Brand Services argues the district court erred by concluding that (1) Brand Services failed to produce sufficient evidence of damages and (2) LUTSA preempted its conversion claim. Brand Services also argues the district court improperly ruled on its claims without first considering Brand Services's pending discovery motion. For the

No. 17-30660

reasons set forth below, we AFFIRM the district court's grant of summary judgment as to the civilian law conversion claim based upon trade secrets and REVERSE the remainder of the district court's judgment, remanding for further consideration in light of this opinion.

## I. Factual and Procedural Background

Brand Services, an industrial scaffolding company, claims that its former employee, James Stanich, stole trade secrets and confidential and proprietary information when he went to work for Irex, a competitor. Specifically, Stanich allegedly transferred from his work computer files containing information about software that Brand Services uses to, inter alia, invoice customers and track job productivity. Stanich then purportedly used this information to help Irex develop similar software. Brand Services filed suit based on this alleged misappropriation, asserting claims under LUTSA and for conversion under Louisiana civilian law.

After Brand Services filed suit, the district court set the discovery deadline for February 17, 2017. Brand Services claims Irex filed improper blanket objections to Brand Services's first request for production, and thereafter repeatedly promised to produce responsive documents but had not done so by the discovery deadline. Brand Services moved to compel production of responsive documents on March 20, 2017. The magistrate judge denied the motion as untimely, but reminded Irex of its duty to supplement under Federal Rule of Civil Procedure 26(e). Irex never supplemented its responses.

The district court then granted summary judgment for Irex on Brand Services's LUTSA claim. The district court concluded that Brand Services failed to proffer evidence sufficient to create a fact issue on the amount of unjust-enrichment damages Irex obtained from allegedly using Brand Services's trade secrets. Brand Services moved for reconsideration of the

No. 17-30660

ruling, and Irex moved for summary judgment on Brand Services's conversion claim.

While Irex's second motion for summary judgment and Brand Services's motion for reconsideration were pending, Brand Services discovered responsive documents produced in related proceedings in Pennsylvania. Although Brand Services moved to compel production of these documents in the Louisiana case, because the documents in the Pennsylvania case were provided under a protective order, Brand Services was unable to get representative documents in time to satisfy the magistrate judge in the Louisiana case, and the motion was denied. When Brand Services finally obtained the exemplar documents, it filed a motion for reconsideration. That motion remains unaddressed in the district court.

After Brand Services filed its motion for reconsideration of the discovery ruling, but before the magistrate judge ruled on that motion, the district court granted summary judgment on Brand Services's conversion claim, holding LUTSA preempted that claim. The district court also denied Brand Services's motion for reconsideration of the LUTSA ruling, reiterating that Brand Services failed to submit specific evidence to establish its damages. In doing so, the district court did not discuss Brand Services's pending discovery motion. Brand Services timely appealed.

## II.  Jurisdiction

Although the parties do not contest jurisdiction on appeal, we must consider our jurisdiction sua sponte. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Brand Services filed suit based on diversity jurisdiction under 28 U.S.C. § 1332. Thus, we have jurisdiction over the district court's final decision only if diversity jurisdiction was proper below. *See* 28 U.S.C. § 1291. Here, two issues exist: (1) whether the parties meet the diversity requirement

3

No. 17-30660

in light of Brand Services's status as a limited liability company[1] and (2) whether the $75,000 amount-in-controversy requirement is met. *See* 28 U.S.C. § 1332(a). After we requested supplemental briefing on the former, Brand Services submitted undisputed evidence that its members are citizens of Delaware and Georgia. Accordingly, we accept this filing as establishing diversity. *See* 28 U.S.C. § 1653; *Carlton v. Baww, Inc.*, 751 F.2d 781, 789 (5th Cir. 1985); *see also Burdett v. Remington Arms Co., L.L.C.*, 854 F.3d 733, 734 n. 1 (5th Cir. 2017).

As far as the amount in controversy, the face of the complaint alleges facts showing it is more likely than not that more than $75,000 is at stake.[2] When a complaint alleges an unspecified amount of damages, the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). We ask whether "it is facially apparent [from the complaint] that the claims exceed the jurisdictional amount," and if it is not, the court may "rely on summary judgment-type evidence to ascertain the amount in controversy." *Id.* (internal quotation marks omitted).

Here, Brand Services pleaded damages exceeding the $75,000 floor. Brand Services alleged that it invested more than $300,000 in "[r]edevelopment" costs associated with the allegedly misappropriated software. For its LUTSA claim, Brand Services may recover what it would cost

---

[1] In its complaint, Brand Services claimed it was diverse from Irex because Irex is a Pennsylvania corporation and it is a Delaware corporation with its principal place of business in Georgia. But a limited liability company's citizenship turns on the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008).

[2] We reach this conclusion based upon the pleadings before examining the merits question of whether Brand Services has proffered sufficient evidence of damages to survive summary judgment.

to acquire, lease, or develop misappropriated trade secrets. *See Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 879 (5th Cir. 2013) (applying Texas law). Accordingly, we conclude that Brand Services satisfied the amount-in-controversy requirement and that diversity jurisdiction was proper in the district court.

### III.  Standard of Review

"We review a district court's grant of summary judgment *de novo,* applying the same standard of review as would the district court." *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997).  "Summary judgment is proper only when it appears that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citing FED. R. CIV. P. 56(c)).  "On summary judgment the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion. *Reingold*, 126 F.3d at 646.

### IV.  Discussion

Turning to the merits of the appeal, we begin with the discovery disagreement.  Brand Services claims the district court prematurely granted summary judgment because Brand Services's discovery motion was never ruled upon.  Brand Services argues that the district court should not have ruled on its LUTSA and conversion claims before considering the import of the documents from the Pennsylvania litigation.

A district court has discretion to deny as untimely a motion filed after the discovery deadline.  *See Vann v. Gilbert*, 482 F. App'x 876, 879 (5th Cir. 2012) (per curiam) (affirming summary judgment and finding no abuse of discretion in denying a motion to compel where the scheduling order required all discovery to be completed by a specific date and the motion was filed after that date); *Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (per curiam)

(finding no abuse of discretion where the district court dismissed a motion to compel in part because it was filed almost one month after the discovery deadline).  But when a properly filed discovery motion is pending, a district court should not grant summary judgment without first considering whether more discovery is required.  *See Smith v. City of Jackson*, 351 F.3d 183, 197 (5th Cir. 2003); *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n.4, 919–20 (5th Cir. 1992); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991).

Here, the district court failed to address the motion to reconsider the proffered exemplar documents that Brand Services alleges would show that Irex failed to properly respond to the discovery requests and to supplement as directed by the magistrate judge.  Brand Services claims it moved to compel immediately after discovering the responsive documents in the Pennsylvania litigation.  There is some indication that Brand Services could not have reasonably discovered these documents sooner: Irex's initial blanket objections to Brand Services's discovery request were grossly improper, and thereafter Irex did little to comply with Brand Services's requests.  Therefore, Brand Services was arguably diligent in seeking these documents even though it did not discover them until after the discovery deadline had passed.  At a minimum, Irex's conduct in this discovery proceeding is highly questionable and bears further examination in light of the exemplar documents.  Thus, the district court improperly granted summary judgment without fully examining Brand Services's unaddressed discovery motion.

We further conclude that the district court erred in granting summary judgment on Brand Services's LUTSA claim because, even disregarding the Pennsylvania documents, Brand Services presented at least some evidence of the amount of its unjust-enrichment damages.

No. 17-30660

To recover damages under LUTSA, "a complainant must prove (a) the existence of a trade secret, (b) a misappropriation of the trade secret by another, and (c) the actual loss caused by the misappropriation." *Reingold*, 126 F.3d at 648 (internal citations omitted) (citing LA. STAT. ANN. §§ 51:1431, 1433). "A complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss." § 51:1433.

At summary judgment, "the nonmovant must identify specific evidence in the record . . . sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). We have previously suggested, applying Louisiana and other states' laws, that a plaintiff fulfills its burden for proving trade secret damages by identifying evidence a factfinder could use to reasonably estimate damages in its favor. *See Bohnsack v. Varco, L.P.*, 668 F.3d 262, 280 (5th Cir. 2012); *Reingold*, 126 F.3d at 651; *Univ. Computing Co. v. Lykes-Youngston Corp.*, 504 F.2d 518, 545 (5th Cir. 1974). A plaintiff need not prove precise damages, *Bohnsack*, 668 F.3d at 280; indeed, uncertainty in damages should not preclude recovery, *Wellogix*, 716 F.3d at 879. But a plaintiff must be able to show "the extent of the damages as a matter of just and reasonable inference, although the result be only approximate." *Id.*

The district court determined that Brand Services failed to provide a just and reasonable inference of its damages. We disagree. Although Brand Services provided little in the way of detail about its claim that it spent "millions" to design the software allegedly stolen, it has, at a minimum, provided some evidence from which a factfinder could reasonably estimate unjust-enrichment damages. For example, it demonstrated that Irex's use of the allegedly stolen information saved Irex at least two to three days a month

7

## No. 17-30660

in time spent invoicing. Even assuming that Irex's administrative personnel worked only an eight-hour day for minimum wage during those two to three days saved, this is a reasonable inference of unjust-enrichment damages. Thus, we conclude that Brand Services met its summary-judgment burden regarding the amount of its damages. Accordingly, we REVERSE the district court's judgment on Brand Services's LUTSA claim.

We now turn to Brand Services's civilian law conversion claim. We ask only whether, in theory, there can be a civilian law conversion claim that survives LUTSA preemption. The district court went no further, so even if we determine that a theoretical claim could exist, we will not reach the question of whether the evidence supports such a claim here. We conclude that LUTSA preempts a civilian law claim for conversion of trade secrets, but does not preempt a civilian law conversion claim for confidential information that is not a trade secret.

Because the Louisiana Supreme Court has not decided this issue, we must make an "*Erie*[3] guess" as to how it would do so. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). We look first to Louisiana's primary sources of law—here, LUTSA—and then to the decisions of state intermediate courts. *Id.* "[A]lthough we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them." *Id.*

LUTSA's preemption provision states:

A.   This Chapter displaces conflicting tort, restitutionary, and other laws of this state pertaining to civil liability for misappropriation of a trade secret.

B.   This Chapter does not affect:

---

[3] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

8

(1) contractual or other civil liability or relief that is not based upon misappropriation of a trade secret, or

(2) criminal liability for misappropriation of a trade secret.

LA. STAT. ANN. § 51:1437. Official commentary to the statute explains that LUTSA "applies to duties imposed by law in order to protect competitively significant secret information." *Id.* cmt. (1981) (Louisiana Official Revision Comments). But it does not apply to contractual duties or to "duties imposed by law that are not dependent upon the existence of competitively significant secret information, such as an agent's duty of loyalty." *Id.* A claim for conversion of trade secrets plainly seeks protection of competitively significant information. Thus, we conclude that the plain text of LUTSA would preclude a civilian law conversion claim involving confidential information that qualifies as a trade secret under LUTSA.

We also conclude that if confidential information that is not a trade secret is nonetheless stolen and used to the unjust benefit of the thief or detriment of the victim, then a cause of action remains under Louisiana law. LUTSA's uniformity provision instructs that LUTSA "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this Chapter among states enacting it." LA. STAT. ANN. § 51:1438. But courts interpreting their respective states' versions of the Uniform Trade Secret Act ("UTSA") have not uniformly applied UTSA's preemption provision; instead, courts have come to varying conclusions about the preemption provision's intended scope.[4] Thus, because there is not enough

---

[4] *See Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 733 (7th Cir. 2014) (concluding that Illinois's UTSA preempts claims "that are essentially claims of trade secret misappropriation, even when the alleged 'trade secret' does not fall within the Act's definition"); *Unique Paving Materials Corp. v. Fargnoli*, 361 F. App'x 689, 690 (6th Cir. 2010) (affirming without analysis the district court's conclusion that Ohio's UTSA preempted claims for "conversion, misappropriation of trade secrets, tortious interference, and unfair

No. 17-30660

uniformity among states to predict how the Louisiana Supreme Court would decide the issue, we look to intermediate state court decisions. *See In re Katrina*, 495 F.3d at 206.

The Louisiana appellate courts have twice held that LUTSA does not preempt where non-trade secret information was at issue.[5] *See B&G Crane*

competition"); *C&F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1307–08 (Fed. Cir. 2000) (holding that Kansas's UTSA preempted a fraud claim where it was "indistinguishable from [the plaintiff's] trade secret misappropriation" claim); *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1330 (5th Cir. 1994) (concluding that LUTSA preempted a fiduciary duty claim "grounded in . . . trade secret allegations"); *Integrated Direct Mktg., LLC v. May*, 495 S.W.3d 73, 76 (Ark. 2016) (concluding that "intangible property, such as electronic data, standing alone and not deemed a trade secret, can be converted"); *Am. Biomedical Grp., Inc. v. Techtrol, Inc.,* 374 P.3d 820, 827 (Okla. 2016) (holding that Oklahoma's UTSA preempts "conflicting tort claims only for misappropriation of a trade secret" and "does not displace tort claims for information not meeting this definition" (internal quotation marks and citation omitted)); *Orca Commc'ns Unlimited, LLC v. Noder*, 337 P.3d 545, 547 (Ariz. 2014) (concluding that the state's UTSA "leaves undisturbed claims that are not based on misappropriation of a trade secret," including claims for misuse of confidential information (internal quotation marks omitted)); *Robbins v. Supermarket Equip. Sales, LLC*, 722 S.E.2d 55, 58 (Ga. 2012) (concluding that Georgia's UTSA did not except from its scope claims for "the misappropriation of proprietary or confidential information"); *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, 235 P.3d 310, 323 (Haw. 2010) (concluding that Hawaii's UTSA preempts common law claims for misappropriation of trade secrets and other confidential information); *Burbank Grease Servs., LLC v. Sokolowski*, 717 N.W.2d 781, 793–94 (Wis. 2006) (holding that Wisconsin's UTSA "leave[s] available all other types of civil actions that do not depend on information that meets the statutory definition of a 'trade secret'"); *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 898 (Del. 2002) (concluding that Delaware's UTSA preempted common law unfair competition and conspiracy claims where they were based on the same alleged wrongful conduct as the trade secret claims); *Mortg. Specialists, Inc. v. Davey*, 904 A.2d 652, 664 (N.H. 2006) ("[T]he [New Hampshire UTSA] preempts claims that are based upon the unauthorized use of information, regardless of whether that information meets the statutory definition of a trade secret."); *Frantz v. Johnson*, 999 P.2d 351, 357–58, 357 n.3 (Nev. 2000) (concluding that Nevada's UTSA preempted various common law tort claims that "arose from a single factual episode, namely misappropriation of bidding and pricing information"); *Weins v. Sporleder*, 605 N.W.2d 488, 491 (S.D. 2000) (concluding that South Dakota's UTSA "prevents a plaintiff from merely restating their trade secret claims as separate tort claims"); *Fred's Stores of Miss., Inc. v. M & H Drugs, Inc.*, 725 So. 2d 902, 908 (Miss. 1998) (concluding that the state's UTSA only preempts claims that would fall with a failed UTSA claim).

[5] Both of these cases concern breach of fiduciary duty claims, an area specifically excepted from LUTSA's preemption provision. We see no reason, however, that Louisiana courts would think differently about a conversion claim.

No. 17-30660

*Serv., L.L.C. v. Duvic*, 935 So. 2d 164, 166–67 (La. Ct. App. 2006); *Defcon, Inc. v. Webb*, 687 So. 2d 639, 642–43 (La. Ct. App. 1997) (holding that LUTSA does not preempt breach of fiduciary duty claims for misappropriation of confidential information, as the statutory comments "make it clear that the Act . . . does not apply to duties . . . that are not dependant [sic] upon the existence of a trade secret"). These cases appear consistent with the plain text and stated purpose of LUTSA's preemption provision: to preempt tort claims "pertaining to civil liability for misappropriation of a trade secret," LA. STAT. ANN. § 51:1437, which the official commentary explains limits LUTSA's preemption to other laws that "protect competitively significant secret information," *id.* cmt. (1981) (Louisiana Official Revision Comments). Because *Defcon* and *B&G Crane* support the plain-text reading of LUTSA's preemption provision, we conclude that LUTSA does not preempt civilian law claims for conversion of information that does not constitute a trade secret under LUTSA. Thus, we REVERSE the district court's judgment on Brand Services's civilian law claim for conversion of confidential information outside the definition of a trade secret without reaching the merits of that claim.

## V.  Conclusion

For the foregoing reasons, we REVERSE the district court's judgment as to Brand Services's LUTSA claim and its civilian law claim for conversion of allegedly non-trade secret information and REMAND for further consideration in light of this opinion. We AFFIRM the summary judgment as to the civilian law claim for conversion of trade secret information.