# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2021

Lyle W. Cayce
Clerk

No. 20-30627
Summary Calendar

Tony Joseph Tabor,

*Plaintiff—Appellant*,

*versus*

Vincent Coleman,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-1308

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Tony Joseph Tabor, Louisiana prisoner # 478277, filed a civil rights complaint against three prison officials, including Vincent Coleman. In an amended complaint, Tabor dismissed the other two defendants. He asserted a variety of claims against Coleman. The district court dismissed some of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Tabor's claims for failure to state a claim, and it dismissed other claims because they were duplicative of claims Tabor was pursuing in a separate pending civil action.

The claim that Coleman used excessive force when he sprayed Tabor with a chemical agent was the subject of summary judgment motions filed by both parties. The district court denied Tabor's summary judgment motion, but it granted summary judgment in favor of Coleman on the excessive force claim. Tabor timely appealed.

In his pro se brief, which we liberally construe, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), Tabor raises several issues. He asserts that the district court "neglected" to order the production of the camera footage of the incident in which Coleman sprayed him with a chemical agent. We construe Tabor's brief as raising a challenge to the denial of his motion to compel production of the camera footage, a decision we review for abuse of discretion. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004). "The standard of review poses a high bar; a district court's discretion in discovery matters will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.,* 591 F.3d 458, 469 (5th Cir. 2009) (internal quotation marks omitted).

As the magistrate judge observed in her report, which the district court determined was correct, the discovery period had expired before Coleman moved to compel production of the camera footage. Tabor has therefore not shown an abuse of discretion. *See Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018).

Tabor also complains that the district court failed to issue an order compelling a response to his interrogatories. Here, although Tabor filed in the district court a set of interrogatories seemingly also sent to defense

counsel, he did not move in the district court to compel a response to his interrogatories. Absent "unusual circumstances," a district court does not abuse its discretion by not ordering discovery sua sponte. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 545 (5th Cir. 2005). Because Tabor has pointed to no "unusual circumstances," he has not shown an abuse of discretion. *See id.*

Next, Tabor argues that the district court should have appointed counsel to represent him. "A civil rights complainant has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Because the instant case did not present "exceptional circumstances," the district court did not err in failing to appoint counsel. *See id.*

Because Tabor does not brief a challenge to the district court's summary judgment rulings on his excessive force claim, and likewise he does not brief any challenge to the district court's earlier dismissal of his other claims for failure to state a claim and as duplicative, he has waived any challenge to the dispositions of these claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). To the extent that Tabor argues that the district court erred by failing to address a claim under the Americans with Disabilities Act, his contention fails, as the passing reference to "the A.D.A." in his amended complaint, unaccompanied by factual allegations that would support a claim under the Americans with Disabilities Act, was insufficient to raise such a claim.

In view of the foregoing, the judgment of the district court is AFFIRMED. Tabor's motion for the appointment of counsel is DENIED. His motion for a temporary restraining order and a preliminary injunction is also DENIED.