# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2024

Lyle W. Cayce
Clerk

No. 23-30657
Summary Calendar

_____

Dominic J. Ross,

*Plaintiff—Appellant*,

*versus*

Ceres Gulf, Incorporated; Ceres International Terminals, Incorporated; Dennis Cucinello, *Officially*; Joe Lala, *Officially and Personally*; Juan Galloway, *Officially and Personally*; Midgulf Association of Stevedores, Incorporated; Ports America Louisiana, L.L.C.; Waterfront Employers of New Orleans; Waterfront Tutor, Incorporated,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-13929

_____

Before Dennis, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30657

Plaintiff-Appellant Dominic Ross, proceeding pro se, appeals the district court's grant of summary judgment in favor of Defendants-Appellees, Ceres Gulf, Inc. ("CGI"), Ceres International Terminals, Inc. ("CIT"), Dennis Cucinello in his official capacity, Joe Lala in his official and personal capacities, Juan Galloway in his official and personal capacities, Midgulf Association of Stevedores, Inc. ("MAS"), Ports America Louisiana, L.L.C. ("PAL"), Waterfront Employers of New Orleans ("WENO"), and Waterfront Tutor, Inc. (collectively, "the defendants"). We AFFIRM.

## I. Factual and Procedural Background

Ross briefly worked in the maintenance shops of two different parties to this case, PAL and CGI, who are waterfront employers in the Port of New Orleans. He worked for PAL from roughly June 22, 2018, through August 22, 2018, and for CGI from December 20, 2018, through May 29, 2019. Throughout his work for both companies, Ross claims to have been subject to race-based discrimination and retaliation. During his employment with PAL, Ross worked primarily for Dennis Cucinello, the Maintenance and Repair Manager. With CGI, Ross worked for Joe Lala, the Manager of the Chassis Repair Shop, and Juan Galloway, a foreman.

Ross filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 20 and 21, 2019, against PAL and CGI respectively. On September 24, 2019, the EEOC dismissed Ross's charge against PAL because it was untimely, informed him that the EEOC was unable to conclude that any of the alleged violations against CGI occurred, and informed him of his right to file the instant lawsuit within ninety days.

Ross then filed suit pro se on November 27, 2019, alleging nineteen different causes of action against eleven different defendants. He was later represented by two different attorneys before the district court. On

December 11, 2020, Defendant International Longshoremen's Association, Local Union No. 2036 (the "Union"), who is not a party to this appeal, filed a motion to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. As Ross did not timely object, the district court granted the Union's motion as unopposed. Eventually, the remaining defendants filed a motion for summary judgment. Ross, represented by counsel, filed a limited opposition to summary judgment. In that opposition, Ross only addressed the race-based discrimination claim against CGI, so the district court entered summary judgment on all other of Ross's claims as conceded. It also found that despite Ross's arguments, CGI was entitled to summary judgment on the remaining claim. Ross timely appealed.

## II. Standards of Review

"This court reviews grants of summary judgment *de novo*, applying the same standard as the district court." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (citing *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 890 (5th Cir. 2003)). Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . ." Fed. R. Civ. P. 56(c)(1)(A). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We must draw all justifiable inferences in favor of the non-moving party. *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

We review a district court's denial of a motion to compel discovery as untimely for abuse of discretion. *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018) (citations omitted).

Ross appeals pro se. We "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citations omitted). So long as the party has "at least argued *some* error on the part of the district court," we will consider the argument. *Id.* at 524-25 (emphasis in original). However, a pro se litigant, like all other parties, "must identify the facts relevant to the issues presented for review, with appropriate references to the record." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quotation omitted).

## III. Discussion

Liberally construing Ross's brief on appeal, Ross argues the district court erred when it granted the defendants' motion for summary judgment because it (1) "dismiss[ed] indispensable parties" in violation of Rule 19 of the Federal Rules of Civil Procedure, (2) denied his motion to compel discovery, and (3) misapplied the summary judgment standard by weighing evidence and ignoring remaining disputed material facts. We address each argument in turn.

### A. Ross Failed to Preserve His Rule 19 Argument

Ross argues that the district court erred when it dismissed the Union because it was an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Ross's argument amounts to an attack against the district court's decision to grant the Union's unopposed Rule 12(b)(5) motion to dismiss. By failing to oppose this dismissal at the district court, Ross forfeited his argument for appeal. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first

instance in the district court—thus raising it for the first time on appeal . . . .") (citations omitted).

## B. The District Court Did Not Err When It Denied Ross's Motion to Compel Discovery

Ross also argues that summary judgment was inappropriate because the district court improperly denied his motion to compel discovery. But Ross filed his motion to compel on March 8, 2022, over a month after the discovery deadline. And the "district court has discretion to deny as untimely a motion filed after the discovery deadline." *Brand Servs., L.L.C.*, 909 F.3d at 156 (citations omitted); *see also Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (per curiam) (finding no abuse of discretion where the district court dismissed a motion to compel in part because it was filed almost one month after the discovery deadline). In this case, we find that the district court did not abuse its discretion when it denied Ross's motion to compel as untimely.

## C. The District Court Properly Granted the Defendants' Motion for Summary Judgment

Because Ross only opposed the defendants' motion for summary judgment with respect to his claim against CGI for race-based discrimination, only that claim is properly before us. *See Fields v. City of South Hous.*, 922 F.2d 1183, 1188 (5th Cir. 1991) ("[M]aterials not presented to the district court for consideration of a motion for summary judgment are never properly before the reviewing court.") (quoting *John v. Louisiana*, 757 F.2d 698, 710 (5th Cir. 1985)). To avoid summary judgment on a claim of race-based discrimination, a plaintiff must first establish a prima facie case of discrimination. *See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001). To establish a prima facie case of discrimination, Ross must point to evidence in the record demonstrating that he "(1) is a member

of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) . . . that others similarly situated were treated more favorably." *Id* (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)) (citation omitted). We find that Ross failed to point to evidence in the record demonstrating the fourth element—that others similarly situated were treated more favorably than him. In opposition to the defendants' motion for summary judgment below, Ross pointed to deposition testimony suggesting a general pattern of discrimination, but, as the district court found, that testimony was too broad. To meet the final element, Ross must point to evidence showing that the comparable employee was in "nearly identical circumstances" to him. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (cleaned up). He failed to do so. The evidence offered could not support a reasonable juror's finding that he was treated differently than an employee outside of his protected class. Summary judgment was therefore warranted.

## IV. Conclusion

Because the district court properly granted the defendants' motion for summary judgment, we AFFIRM the district court's judgment.